IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CRIMINAL NO. 1:22-CR-15** |
| Plaintiff | : | |
| | : | **(JUDGE MEHTA)** |
| v. | : | |
| | : | |
| **JESSICA WATKINS,** | : | |
| Defendant | : | |

**BRIEF IN OPPOSITION TO
GOVERNMENT'S MOTION IN LIMINE
PURSUANT TO FRE RULE 404(b)**

On 8 July 2022, the Government filed a Motion in Limine to introduce evidence under Federal Rules of Evidence (FRE) 404(b) of, *inter alia*, Defendant's preparation for violent conflict with government actors after January 6 and before January 20 and possession of bomb-making instructions during the charged conspiracy time period as evidence of Defendant's alleged preparation to use force against the government.

Procedural History

On 22 June 2022 the government filed a seventh superseding indictment alleging violations of seditious conspiracy, in violation of 18 U.S.C. § 2384 (Count One); conspiracy to obstruct an official proceeding, in violation of 18 U.S.C. § 1512(k) (Count Two); obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2) (Count Three); and conspiracy to use force, intimidation, or

1

threats to prevent officers of the United States from discharging their duties, in violation of 18 U.S.C. § 372 (Count Four); destruction of government property and aiding and abetting, in violation of 18 U.S.C. §§ 1361 and 2; civil disorder and aiding and abetting, in violation of 18 U.S.C. §§ 231(a)(3) and 2. ECF No. 167.

To support the claims against the defendant, the Government proposes to introduce evidence the defendant "stated her militia was organizing a 'military-style basic' training class for the beginning of January 2021, so that 'recruits' could be 'fighting fit' by inauguration." (ECF No. 187 at p. 4); that an un-indicted co-conspirator, Jeremy Brown, possessed explosives, Id. at p. 4; that defendant stated on or after 6 January 2021 and that the defendant possessed two (2) bomb making recipes in the attic of her residence when law enforcement executed a search on 17 January 2021.  Id. at p. 21.  As justification, the Government posits the evidence is intrinsic to the underlying offenses charged[1] and thus does not run afoul of FRE 404(b), but assuming, *arguendo*, that it is not intrinsic, posits it is still admissible under FRE 404(b) to allow these other stories in to establish, "evidence of the co-conspirators' intent, preparation[2], plan, knowledge, and association." Id. at p. 14.

---

[1] By way of further justification, the government asserts the information is admissible because it "arose out of the same transaction or series of transactions as the charged offense[s]".  ECF No. 187, p. 12-13.
[2] The provided explanation of an alternative basis for admissibility as to the defendant is her alleged "numerous messages about organizing trainings and

Legal Authority

The Third Circuit established that evidence admitted under FRE 404(b)(2) must meet certain requirements to be admitted. The Third Circuit held FRE 404(b) is not a rule of inclusion, but rather "a rule of exclusion, meaning that it excludes evidence unless the proponent can demonstrate its admissibility, but it is also 'inclusive' in that it does not limit the non-propensity purposes for which evidence can be admitted." United States v. Repak, 852 F.3d 230, 241 (3d Cir. 2017). Additionally, Rule 404(b) carries "no presumption of admissibility," and requires the proponent of the prior acts to demonstrate its application under the rule. *See* United States v. Lackey, 2019 U.S. Dist. Lexis 206848, 3 (M.D. Pa. 2019) (citing United States v. Caldwell, 760 F.3d 267, 276 [3d Cir. 2014]).

Importantly, to meet its burden, the Government must do more than talismanically invoke 404(b) to make evidence admissible. The Government must "clearly articulate how that evidence fits into a chain of logical inferences." United States v. Jemal, 26 F.3d 1267, 1272 (3d Cir. 1994). In addition, the Government cannot rely on the inference that "because the defendant committed … offenses before, he therefore is more likely to have committed this one." Id.

---

recruiting individuals to be prepared to 'fight' to stop President-Elect Biden from taking office, possession of bomb-making instructions, like other weapons, constitutes admissible evidence of 'opportunity, preparation, [and] plan[ning]' related to Watkins' criminal objectives." Id. at p. 23.

The court in United States v. Calderon, 127 F.3d 1314 (11th Cir. 1997), stated that

> "[r]ule 404(b) provides that extrinsic evidence is not admissible to prove defendant's character in order to show action in conformity herewith…Specifically, the test for admissibility of extrinsic evidence under Rule 404(b) that we apply has three parts: First, the evidence must be relevant to an issue other than the defendant's character. Second, as part of the relevance analysis, the evidence must be sufficient to support a finding that the defendant actually committed the extrinsic act. Third, the probative value of the evidence must not be substantially outweighed by unfair prejudice. Id. at 1331.

quoting United States v. Diaz-Lizaraza, 981 F.2d 1216, 1224 (11th Cir. 1997)(internal quotations omitted).

In the present situation, the Government has not satisfied the three prongs to enable this evidence to come in under FRE 404(b). As such, undersigned counsel respectfully requests this Honorable Court deny the Government's Motion in *Limine* and exclude the evidence as propensity evidence or in the alternative as unduly prejudicial and not outweighed by the probative nature of the evidence.

1. **The Evidence is not Intrinsic to the Charged Offenses and is Offered for Propensity Purposes.**

Many circuits, to include the DC circuit, have soundly criticized the expansive use of intrinsic evidence as to be interpreted so broadly that it renders FRE 404(b) meaningless.[3] In United States v. Green, 617 F.3d 233 (3rd Cir. 2010) the court examined the use of intrinsic evidence and held that evidence "is intrinsic if it 'directly proves' the charged offense…Second, 'uncharged acts performed contemporaneously with the charged crime may be termed intrinsic if they facilitate the commission of the charged crime.'" Green at 248-49. quoting United States v. Bowie, 232 F.3d 923, 929 (DC Cir. 2000). Regardless, all other evidence must be analyzed under FRE 404(b). Green at 249.

Bowie, the case to which the government cites, states the evidence surrounding the performance of the evidence must be contemporaneous with the charged offense. Id. Here the government conveniently conflates the acts and the statements to import a degree of contemporaneity to the acts that simply does not exist.

---

[3] United States v. Cross, 308 F.3d 308 (3rd Cir. 2002) (The distinction between intrinsic and extrinsic (i.e., "other acts" or "other crimes") evidence is often fuzzy. One leading treatise calls the distinction "at best one of degree rather than of kind.) Quoting, 1 Stephen A. Saltzburg et al., Federal Rules of Evidence Manual 397 (7th ed. 1998).

The government seeks to introduce evidence of the defendant's participation in a 'military-style basic' training class so that 'recruits' could be 'fighting fit' by inauguration, that an un-indicted co-conspirator, Jeremy Brown, possessed explosives- the evidence of which was seized nine (9) months after the alleged conspiracy, and that the defendant possessed two (2) bomb making recipes in the attic of her residence when law enforcement executed a search on 17 January 2021. As to the latter, there is no evidence of when these "recipes" were obtained and printed and no evidence of any bomb making materials consistent with the recipes; there is nothing to tie the recipes to the any time period, much less the time period of the alleged conspiracy.

Moreover, the government has failed to provide evidence of whether the alleged training camps were discussed and anticipated prior to the actual election in November 2020 and that the participants were to have been used for any nefarious purpose. The impermissible inference they want a jury to draw is that because the training camps existed, they must have existed to support the overthrow of the government. The context of the statements, as well as the training camps, is significantly lacking.

This rationale is pure propensity evidence. Propensity is defined as offering evidence, "to prove a person's character in order to show that on a particular

occasion the person acted in accordance with the character." United States v. Caldwell, 760 F.3d 267, 275 (3d Cir. 2014) (citing FRE 404(b)(1).

The first prong of the 404(b) analysis is ensuring the reason for which the evidence is offered is a proper purpose. In United States v. Caldwell, the Court read this first prong as requiring a nonpropensity reason that is "at issue in, or relevant to, the prosecution." 760 F.3d 267, 278 (3d Cir. 2014). Here, the Government asserts the evidence is intrinsic to the charged offenses.

Other circuits have said that to be intrinsic, it must necessarily show how a conspiracy was formed or speak to the underlying conspiracy.  See generally, United States v. Rice, 607 F.3d 133 (5th Cir. 2010).  However, the government cannot use evidence that directly or indirectly presents inadmissible character evidence to the jury.  See United States v. Morena, 547 F.3d 191 (3d Cir. 2008) (where government's repeated reference to drug evidence went beyond legitimate purposed of providing background evidence).

The government simply cannot show a degree of contemporaneousness to the acts and statements sufficient to tie them to the conspiracy.

**2.    The Evidence is Barred by the Allowed Exceptions Under Rule 404(B)(2).**

The Government cannot offer even a link in the chain of logical inferences that link evidence in question to the previous verbal harassment claims to soliciting sexual favors and physically assaulting another coworker. The Jemal Court stated

7

the proponent of the evidence must show a logical chain of inferences from past actions to the indicted acts.

In their brief, the Government suggests the previous acts establish intent, preparation, plan, knowledge, and association. However, "the proponent of 404(b) evidence must do more than 'pluck a non-propensity purposes from the list in 404(b)(2).'" Lackey, at 4 (citing United States v. Johnson, 2017 U.S. Dist. Lexis 183264, 3 [M.D. Pa. 2017]). The Government must show the claims under FRE 404(b) are "clearly at issue in this case." Lackey, at 4. Here, the Government has failed to demonstrate, through requisite evidence, how any of the prescribed FRE 404(b)(2) exceptions explain any fact "clearly at issue" in this case.

The most problematic prong for the government is the third prong: the probative value of the evidence must not be substantially outweighed by unfair prejudice. See Calderon. In United States v. Carter, 516 F.2d 431 (5th Cir. 1975), the court said "[e]vidence of other wrongful acts to prove intent . . . must logically tend to prove the defendant's criminal intent *at the time of the commission of the act charged*." Id. at 435. (emphasis added) (Internal citations omitted). This speaks to the heart of the probative value of the evidence. In the case *sub judice*, the acts attributed to the defendant are not contemporaneous of showing intent at the time the alleged crimes were committed. In fact, quite the opposite.

The Government has the burden to show a clear chain of logical inferences between statements and acts- the training camps, the temporal possession and application of the recipes.

Going back to the first prong, what logical, or legal, relevance does explosive recipes with bleach have regarding Mr. Brown's alleged possession of military grade grenades, nine (9) months from the date of the alleged conspiracy. The government will be hard-pressed to show that any military grade ordnance is made from bleach and also failed to show that the defendant possessed the ingredients contained in the recipe.  Thus, what is their relevance?

This evidence is not admissible under the exceptions of preparation and planning either. The Government stated their intent for the same reasons articulated in the above paragraph.

### 3. The Inherent Danger of Unfair Prejudice Substantially Outweighs Any Probative Value.

To satisfy prong three (3) of the Davis test, the Government must demonstrate the probative value of the evidence is not substantially outweighed by unfair prejudice, confusion, or waste of time. As with prongs one (1) and two (2), the Government has failed to meet their burden in this case by demonstrating how the prejudicial value does not outweigh any probative value.  The temporal nexus is simply lacking.

## Conclusion

For the reasons set forth above, this Court should deny the Government's motion to introduce the anticipated trial evidence and deny it's motion to introduce the evidence under Federal Rule of Evidence 404(b).

Respectfully Submitted,

Dated: 29 July 2022

*/s/Jonathan W. Crisp*
Jonathan W. Crisp, Esquire
4031 North Front St.
Harrisburg, PA  17110
I.D. # 83505
(717) 412-4676
jcrisp@crisplegal.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served on the individual listed below:

**ELECTRONIC SERVICE**

Kathryn Rakoczy, Esquire
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
555 Fourth Street, NW
Washington, DC 20530
Kathryn.Rakoczy@usdoj.gov


Jeffrey S. Nestler, Esquire
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
555 Fourth Street, NW
Washington, DC 20530
Jeffrey.nestler@usdoj.gov


| | |
|---|---|
| Date: 29 July 2022 | /s/ Jonathan W. Crisp |
| | Jonathan W. Crisp, Esquire |
| | 4031 North Front St. |
| | Harrisburg, PA  17110 |
| | I.D. # 83505 |
| | (717) 412-4676 |
| | jcrisp@crisplegal.com |
| | Attorney for Defendant |